IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONNELL LEWIS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-579-GPM |
| | ) |
| JOHN CLEMONS, SGT. RICK, CAPT. BROWN, UNKNOWN SUPERVISOR, UNKNOWN BOOKING OFFICER, and UNION PACIFIC RAILROAD POLICE, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On July 1, 2011, Plaintiff Donnell Lewis, Jr., filed suit in this Court under 42 U.S.C. § 1983, alleging violations of his federally secured constitutional rights to be free from an unlawful traffic stop and arrest, resulting in a deprivation of his liberty. Now before the Court is Plaintiff's motion to proceed *in forma pauperis* ("IFP"), i.e., without prepaying the filing fee (Doc. 4). At the time he filed his complaint, Plaintiff had been released from federal custody and was residing in a halfway house. As such, Plaintiff does not meet the statutory definition of prisoner, for purposes of the *in forma pauperis* statute, which states that "[t]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

Under 28 U.S.C. 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Plaintiff has done so in the instant case. But the Court's inquiry does not end there, because 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff.

A court can deny a qualified plaintiff leave to file IFP or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim or is a claim for money damages against an immune Defendant. 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed IFP, a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed IFP. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

**The Complaint**

Plaintiff alleges that Defendant Clemons, a Union Pacific Railroad Police Officer, performed a traffic stop of Plaintiff's car on February 8, 2010, without probable cause, arrested him without a warrant or probable cause, and directed the St. Clair County Jail Booking Officer to book Plaintiff for burglary. Plaintiff remained in jail for 48 hours without any opportunity to post bail, during which time other officers searched Plaintiff's home without finding evidence of

any crime. Plaintiff was released only on condition that he sign a Union Pacific citation for trespassing, a charge which he claims was fabricated. Plaintiff was never prosecuted for these offenses. Defendant Clemons confiscated certain items of Plaintiff's property during the traffic stop, which were never returned to him.

A railroad police officer who makes an arrest or otherwise acts in his/her official capacity is a "state actor" within the meaning of 28 U.S.C. § 1983 and may be found liable for a violation of constitutional rights. *See* 610 ILL. COMP. STAT. 80/2; *U.S. v. Hoffman*, 498 F.2d 879, 880-82 (7th Cir. 1974) (railroad police who were also vested, by state statute, with power of city police acted under color of state law when they conspired to violate civil rights of trespassers by assaulting them). *See also Spencer v. National R.R. Passenger Corp.*, 141 F. Supp. 2d 1147, 1150 (N.D. Ill. 2001) (Amtrak police officer acted under color of state law); *Brandenberger v. Norfolk Southern R. Co.*, No. 10-cv-117, 2010 WL 2346339, *2-3 (N.D. Ind. June 7, 2010) (allegations that railroad security officer acted under color of state law when he used excessive force to arrest plaintiff were sufficient to state a claim at § 1915A screening stage).

**Disposition**

Plaintiff's complaint survives review under § 1915(e)(2). His sworn IFP motion establishes that he is indigent for purposes of IFP review. Nothing indicates that his action is frivolous or malicious. The named Defendants are state actors and are not immune from relief. And at this point, the Court cannot conclude that his action fails to state any claim upon which relief could be granted.

Accordingly, Plaintiff's motion (Doc. 4) for leave to proceed IFP is **GRANTED**. Plaintiff will be allowed to proceed in the action without payment of any fees. *See* 28 U.S.C. § 1915(a)(1);

*Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) (fee requirement of § 1915(a)(1) and (b) applies only to prisoners; non-prisoners granted leave to proceed *in forma pauperis* are not responsible for paying filing fee at all).

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **CLEMONS, RICK, BROWN**, and **UNION PACIFIC RAILROAD POLICE** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay

therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that because he is proceeding *pro se*, he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. A notice of change of address must be filed within **7 days** of any such change occurring. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: March 28, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge
