IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONNELL LEWIS, JR., ) | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| v. ) | No: 11-CV-00579-GPM-DGW |
| ) | |
| OFFICER JOHN CLEMONS, SGT. ) | |
| RICK, CAPT. BROWN, Unknown ) | |
| Supervisor, all of the UNION PACIFIC ) | |
| RAILROAD POLICE, and Unknown St. ) | |
| Clair County Booking Officer, ) | |
| ) | |
| *Defendants* ) | |

### FED.R.CIV.P.12(b)(6) MOTION TO DISMISS OR STRIKE

NOW COMES Ricky Davis sued as "Sgt. Rick" by his attorney James C. Cook of Walker and Williams P.C. moving pursuant to Fed.R.Civ.P.12(b)(6) that Counts I, IV and V of plaintiff's complaint (Doc. 1) filed July 1, 2011 and plaintiff's prayers for injunctive relief and punitive damages be dismissed or stricken for failure to state a claim upon which relief can be granted on the following grounds:

1. In Count I, plaintiff alleges that following his arrest by Union Pacific Police Officer John Clemons on February 3, 2010 for trespassing on or burglary of a freight train he was detained at the St. Clair County Illinois Jail without being given an opportunity to post bond or being afforded a probable cause hearing during the 48-hour window following his arrest.  Count I does not allege facts sufficient to support recovery from this defendant.  An arrestee may be detained for up to 48 hours following a warrantless arrest without violating the Fourth Amendment.  There is no constitutional requirement of a probable cause hearing in all cases.

Plaintiff does not allege an extended detention in excess of 48 hours, but instead claims:

> "Hours later, Officer Clemons appeared at the holding cell door demanding that I sign a Union Pacific citation for trespassing, a charge that was subsequently stricken off call with leave to reinstate, as a condition of him releasing me.  Not aware at the time that my 4th and 5th amendment rights had been violated, *I signed and was released about 20 minutes later without even being required to post bond.*" (Emphasis added.) (Doc. 1, p.7)

Plaintiff further alleges that the criminal charge was fabricated by Officer Clemons, which is the gist of his claim.   Plaintiff does not assert in Count I an actionable claim under the Fourth Amendment against Ricky Davis for detention in excess of 48 hours without a probable cause hearing, or other actionable claim.

    2.    In Count IV, plaintiff alleges a procedural due process violation for the asserted failure to take him before Judicial Officer for a probable cause hearing.  (a) Count IV should also be dismissed for the reason stated above that he does not allege detention exceeding 48 hours.   (b) In addition, procedural due process is not a proper basis for the claim asserted in Count IV.  Rather, protections of the Fourth Amendment apply between the time of arrest through the probable cause hearing. Due process thereafter governs a pre-trial detainee's conditions of confinement following the judicial determination of probable cause.  A procedural due process claim cannot be maintained here.  (c) Count IV is duplicative of Count I and unnecessary as it alleges the same claim albeit under a different, flawed theory. Neither Count I nor Count IV allege facts sufficient to support recovery from this defendant under any legal theory.

3. In Count V, plaintiff alleges a claim of "supervisory liability" or *respondeat superior* liability against this defendant for allegedly taking part in and failing to prevent a civil rights violation. (Doc. 1, p. 10). The doctrine of *respondeat superior* or supervisory liability does not apply to section 1983 actions. In order to be held individually liable, a defendant like Ricky Davis must be personally or directly responsible for deprivation of a constitutional right which has not been alleged here. Count V should be dismissed to the extent it seeks to impose liability on Davis under the doctrine of *respondeat superior*, and to the extent it seeks to impose liability on him for conduct in which he did not participate, did not knowingly condone or ratify, or direct even implicitly such as through a policy he promulgated. Liberally construed, in Count V plaintiff at best only claims an isolated violation by another Police Officer, not by Ricky Davis.

4. Plaintiff is not entitled to permanent injunctive relief against defendant Davis who is no longer employed by the Union Pacific Railroad Police Department. (a) The injunction plaintiff seeks would require Union Pacific Railroad Police to take arrestees before Judicial Officers for probable cause determinations more quickly than required by Illinois law or the United States Constitution. Since Ricky Davis is no longer employed by the Union Pacific Police Department, such an injunction if granted would be meaningless as to him, or moot. (b) Moreover, plaintiff lacks standing to obtain equitable or injunctive relief because there is no actual case or controversy on which the request for injunctive relief is based. Plaintiff has not

alleged he sustained or is in immediate danger of direct injury as a result of the challenged conduct or any future conduct of Davis. His injury or the threat of injury must be both real and immediate, not conjectural, hypothetical or speculative. (c) Thirdly, there are available State and Federal remedies at law providing adequate relief for the "future" wrongful conduct asserted by plaintiff including the remedy for compensatory damages and other relief under 42 USC §1983.

5. Punitive damages as sought by plaintiff may not be awarded under 42 USC §1983 against defendant Davis in his official capacity as a Union Pacific Police Officer. Punitive damages are also not recoverable from Davis individually as plaintiff has not charged Davis with an actionable violation of the U. S. Constitution.

WHEREFORE, Ricky Davis sued as "Sgt. Rick" prays pursuant to Fed.R.Civ.P.12(b)(6) that Counts I, IV and V and the relief sought therein be stricken or dismissed as to this defendant, or for such other relief as the Court deems appropriate.

                 RICKY DAVIS

                 By: <u>s/James C. Cook</u>
                 James C. Cook
                 Walker and Williams, P.C.
                 4343 West Main Street
                 Belleville, Illinois 62226
                 (618) 277-1000
                 Fax: (618) 233-1637
                 Email: jcc@wawpc.net

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONNELL LEWIS, JR., ) | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| v. ) | No: 11-CV-00579-GPM-DGW |
| ) | |
| OFFICER JOHN CLEMONS, SGT. ) | |
| RICK, CAPT. BROWN, Unknown ) | |
| Supervisor, all of the UNION PACIFIC ) | |
| RAILROAD POLICE, and Unknown St. ) | |
| Clair County Booking Officer, ) | |
| ) | |
| *Defendants* ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2012 I electronically filed Fed.R.Civ.P.12(b)(6) Motion to Dismiss or Strike on behalf of Ricky Davis with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Thomas E. Jones  
THOMPSON COBURN LLP  
PO Box 750  
Belleville IL 62222-0750

Donnell Lewis Jr.  
448 S. 39th St.  
Alorton IL 62207

Respectfully submitted,  
s/James C. Cook  
James C. Cook  
Walker and Williams, P.C.  
4343 West Main Street  
Belleville, Illinois 62226  
(618) 277-1000  
Fax: (618) 233-1637  
Email:  jcc@wawpc.net

5