IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONNELL LEWIS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 11-579-GPM |
| ) | |
| JOHN CLEMONS, SGT. RICK, CAPT. ) | |
| BROWN, UNKNOWN SUPERVISOR, ) | |
| UNKNOWN BOOKING OFFICER, and ) | |
| UNION PACIFIC RAILROAD POLICE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Before the Court is: Defendant Union Pacific Railroad Company's ("Union Pacific")[1] motion to dismiss and/or strike pursuant to Federal Rule of Civil Procedure 12 (Doc. 22); Defendant John Clemons's motion to dismiss/strike/and for a more definite statement pursuant to Rule 12 (Doc. 28); Defendant W. Allan Brown's[2] motion to dismiss/strike/and for a more definite statement pursuant to Rule 12 (Doc. 31); Defendant Ricky Davis's[3] motion to dismiss or strike pursuant to Rule 12(b)(6) (Doc. 47); and Plaintiff's motion "not to dismiss or strike" his claims and for a more definite statement (Doc. 39).

Plaintiff's Complaint

Plaintiff brings eight counts in his complaint (Doc. 1). Count 1 is against all Defendants

---

[1] Union Pacific states that it has been improperly named as "Union Pacific Railroad Police" in Plaintiff's papers.

[2] Plaintiff named Defendant Brown only as "Captain Brown" in his pleadings.

[3] Plaintiff named Defendant Davis only as "Sgt. Rick" in his pleadings.

in their individual and official capacities for unlawful detention. Count 2 alleges illegal arrest against Defendant Clemons. Count 3 alleges unlawful search and seizure against Defendant Clemons. Count 4 is a procedural due process claim for failure to obtain a probable cause determination, against all Defendants. Count 5 is against Defendant Brown and Defendant Unknown Union Pacific Supervisor for "supervisory liability" in failing to prevent a civil rights violation. Counts 6, 7, and 8 are pendant state law claims against Defendant Clemons for malicious prosecution, conversion, and harassment.

Motion to Dismiss standard

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* — U.S. —, 129 S.Ct. 1937, 1949 (2009), *quoting Bell Atlantic Corp. V. Twombly,* 550 U.S. 544, 570 (2007). Plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility." *Iqbal,* 129 S.Ct. at 1949. While "[s]pecific facts are not necessary," the pleaded facts must "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007). The Seventh Circuit has succinctly elucidated post-*Twombly* pleading standards:

> So, what do we take away from *Twombly, Erickson,* and *Iqbal*? First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009). It is, therefore, "not enough to give a

threadbare recitation of the elements of a claim without factual support." *Bissessur v. Indiana Univ. Bd. Of Trs.,* 581 F.3d 599, 603 (7th Cir. 2009).

Defendant Union Pacific's Motion to Dismiss/Strike

The basis for Union Pacific's R.12 motion to dismiss is Plaintiff's failure to plead liability of a municipal corporation. Doc. 23, *citing Monell v. Dept. of Soc. Services of the City of New York,* 436 U.S. 658 (1978). In *Monell*, the Court found that a plaintiff must allege an express policy, widespread practice, or constitutional injury caused by a person with final policymaking authority in order to adequately state a section 1983 claim against a municipal corporation. *See Baxter v. Vigo County Sch. Corp.,* 26 F.3d 728, 734-35 (7th Cir. 1994). Here, it is not enough for Plaintiff to merely allege that Officer Clemons was employed by Union Pacific and committed some sort of misconduct. Plaintiff makes no mention of any Union Pacific policy or custom that was the moving force of his alleged constitutional deprivation. There is no plausible claim against Union Pacific, which is a corporation and against which vicarious liability based on respondeat superior cannot lie for a section 1983 claim. *See Iskander v. Village of Forest Park,* 690 F.2d 126, 128 (7th Cir. 1982). Union Pacific's motion to dismiss (Doc. 23) is thus **GRANTED** and the action as against Union Pacific **DISMISSED with prejudice** as Mr. Lewis's complaint is utterly devoid of a cognizable claim against Union Pacific.

All Defendants in their Official Capacity

Following this *Monell* analysis, to the extent that Plaintiff names the Defendants in their official capacity, those claims are **DISMISSED.** Official capacity suits are essentially suits against the individual defendants' employers—and here Mr. Lewis has failed to state a cognizable municipal/corporate claim. *See Monell,* 436 U.S. at 690 n. 55.

All Defendants—Plaintiff's Warrantless Detention Claim

Plaintiff alleges that he was held for "more than 24 hours" after a warrantless arrest without probable cause (Doc. 1, p. 7). Elsewhere in his complaint, Plaintiff characterizes this detention as a "48 hour detention" (Doc. 1, p. 9). "A person arrested without a warrant is entitled to a timely judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." *Ortiz v. City of Chicago,* 656 F.3d 523, 539 (7th Cir. 2011). Regarding what period of time may constitute extended restraint, the Supreme Court adopted a burden-shifting approach using 48 ours as its benchmark. Detentions over 48 hours are presumptively unreasonable and the state bears the burden of proving that specific circumstances justified the delay, while the plaintiff bears the burden of showing any detention under 48 hours is unreasonable." *Id., citing County of Riverside,* 500 U.S. 44, 56-57 (1991); *Portic v. City of Chicago,* 613 F.3d 702, 704 (7th Cir. 2010).

While it is, therefore, the case that Mr. Lewis bears the burden of showing that his detention was unreasonable, he has pleaded enough to survive a Rule 12 motion. Should Defendants file motions for summary judgment, or should this case proceed to trial, the onus is on Plaintiff to overcome the presumption that his detention was reasonable. Because Plaintiff has pleaded that Defendant Clemons's supervisors "took an active part in," directed, consented to, and authorized unconstitutional actions for the purpose of delaying a probable cause determination, Plaintiff's claims against all remaining Defendants survive these motions to dismiss.

Defendants W. Allan Brown and John Clemons's Motions to Dismiss/Strike/For More Definite Statement

Defendants Brown and Clemons rely on attached police reports in their motions to dismiss to argue that probable cause for Mr. Lewis's arrest existed, and is an absolute bar to this suit (Docs.

29-1, 29-2, 32-1, 32-2). However, because Plaintiff's complaint does not address the police reports (and pleads facts which would seem to contradict the statement of events in those reports), these arguments are properly brought in motions for summary judgment. *See Woods v. City of Chicago,* 234 F.3d 979, 986 (7th Cir. 2000) ("Under Fed.R.Civ.P. 12(b), a district court must make such a conversion when matters outside of the complaint are presented and not excluded by the court."). In order to give Plaintiff adequate time to respond to these arguments in the summary judgment context, Defendants' motions to dismiss Counts 2, 3, 4, and 5 in this regard are **DENIED**. Defendants may file motions for summary judgment based on the winnowing of cognizable claims in this Order, and Plaintiff will have the opportunity to respond to any motions for summary judgment.

Conclusion

Plaintiff's case will therefore proceed **only** as outlined above. Defendant Union Pacific's motion to dismiss (Doc. 22) is **GRANTED**. Remaining Defendants' motions to dismiss (Docs. 28, 31, and 47) are **GRANTED in part and DENIED in part**. Plaintiff's motion "not to dismiss" (Doc. 39) is essentially a sur-reply to Defendants' motions to dismiss and will, as such, be **DENIED.**

**IT IS SO ORDERED.**

DATED: March 27, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge